IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

JERMAINE FAISON,
        Petitioner,

v.                                              CIVIL ACTION No. 3:19-CV-12
                                                      (GROH)

CHRISTOPHER GOMEZ, Warden,
FCI Gilmer,
        Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On January 30, 2019, Jermaine Faison ("Petitioner"), proceeding by counsel, Brian J. Kornbrath, filed an emergency application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his mandatory career offender sentence imposed by the District Court for the District of Maryland. ECF No. 1. On the same date, Petitioner paid the $5.00 filing fee. ECF No. 10. On February 1, 2019, the undersigned determined that summary dismissal of the petition was not warranted and directed Respondent to file an answer or responsive pleading within twenty-eight days. ECF No. 7. On March 2, 2019, Respondent filed a Motion to Dismiss for Lack of Jurisdiction. ECF No. 15.

Because Petitioner is unable to satisfy the jurisdictional requirements of the savings clause, 28 U.S.C. § 2255(e), the undersigned recommends that Respondent's Motion [ECF No. 15] to Dismiss for Lack of Jurisdiction be **GRANTED** and Petitioner's emergency application [ECF No. 1] for writ of habeas corpus be **DENIED and DISMISSED WITHOUT PREJUDICE**.

## II. FACTUAL AND PROCEDURAL HISTORY[1]

### A. Conviction and Sentence

On December 6, 2000, in the District of Maryland, Petitioner pleaded guilty to one count of bank robbery and one count of use of a weapon during a crime of violence, Counts One and Three, respectively, of the superseding indictment in case number 1:00-cr-296.  ECF No. 62.  The sentencing court determined that Petitioner qualified as a career offender under United States Sentencing Guideline § 4B1.1 ("USSG").  Id.  By order entered on March 9, 2001, Petitioner was sentenced to 188 months as to Count One and to 84 months as to Count Three.  Id.  The sentences were ordered to be served consecutively for a total term of 272 months.  Id.

### B. Direct Appeal

Petitioner appealed to the Fourth Circuit challenging his sentence, arguing that he did not warrant career offender status "because the district court improperly counted a 1995 second degree assault conviction in Maryland as a predicate offense under USSG § 4B1.1."  United States v. Faison, 20 F. App'x 141, 142 (4th Cir. 2001).  The Fourth Circuit rejected Petitioner's argument and affirmed Petitioner's conviction and sentence on September 27, 2001.  Id.

---

[1] The facts are taken from Petitioner's conviction in the District of Maryland, in case number 1:00-CR-296, available on PACER.  Unless otherwise noted, the ECF entries in sections II.A., II.B. and II.C., refer to that criminal case in the District of Maryland.  Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (noting courts may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

**C.    Post-Conviction Relief**

On June 13, 2002, Petitioner filed a pro se motion to vacate under 28 U.S.C. § 2255. ECF No. 75. On December 22, 2003, Petitioner filed a motion to amend his petition for relief under § 2255. ECF No. 99. On April 28, 2004, the District Court granted Petitioner's motion to amend, but denied Petitioner's motion to vacate. ECF No. 102. On June 1, 2004, Petitioner filed a notice of appeal of the denial of his motion to vacate, ECF No. 103, and on September 15, 2004, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. ECF No. 106; United States v. Faison,109 F. App'x 539 (4th Cir. 2004).

On September 28, 2009, Petitioner filed a second motion to vacate under 28 U.S.C. § 2255. ECF No. 109. By order entered October 9, 2009, the District Court dismissed without prejudice the successive motion to vacate as unauthorized. ECF No. 111.

On October 17, 2011, Petitioner filed a third motion to vacate under 28 U.S.C. § 2255. ECF No. 114. By order entered October 21, 2011, the District Court dismissed without prejudice the successive motion to vacate as unauthorized. ECF No. 115. By order entered November 14, 2011, the Fourth Circuit denied Petitioner's motion under 28 U.S.C. § 2244 to file a second or successive motion to vacate under 28 U.S.C. § 2255. ECF No. 116.

On May 6, 2016, Petitioner, by counsel, filed an application for leave to file a successive motion under 28 U.S.C. § 2255. ECF No. 129. On June 22, 2016, the Fourth Circuit granted Petitioner leave to file a successive motion under 28 U.S.C. § 2255 for post-conviction relief, finding that Petitioner had made a prima facie showing that Johnson

v. United States, 135 S. Ct. 2551 (2015), may apply to his case. ECF No. 128. On January 11, 2019, Petitioner, by counsel, filed a notice of voluntary dismissal of his successive motion to vacate, pursuant to Fed. R. Civ. P. 41(a)(1). ECF No. 156. By order entered January 14, 2019, the District Court dismissed the motion to vacate [ECF No. 129] and denied two other pending motions as moot. ECF No. 157.

### D.     Instant § 2241 Petition

Petitioner filed the instant case on January 30, 2019. ECF No. 1. Petitioner claims, inter alia, that he is entitled to relief under the Supreme Court's decision in Descamps v. United States, 570 U.S. 254 (2013), and the Fourth Circuit's subsequent decision in United States v. Royal, 731 F.3d 333 (4th Cir. 2013). On March 1, 2019, Respondent filed a motion to dismiss and memorandum in support thereof. ECF Nos. 15, 16. On March 22, 2019, Petitioner, by counsel, filed a response in opposition. ECF Nos. 19, 20. The time for filing a reply has passed. Accordingly, this matter is now ripe for disposition.

### III. LEGAL STANDARD

### A.     Motion to Dismiss Under Rule 12(b)(1)

A motion to dismiss based on Federal Rule of Civil Procedure 12(b)(1) raises the fundamental question of whether a federal court is authorized to adjudicate the claims before it. Fed. R. Civ. P. 12(b)(1). Subject-matter jurisdiction in federal courts must be based on diversity jurisdiction or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal-question jurisdiction only requires that the action "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The plaintiff bears the burden of proving that subject-matter jurisdiction exists. Richmond, Fredericksburg & Potomac

R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982)).

If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court"). A dismissal for lack of subject-matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013).

B. **Post-Conviction Remedies and Relief**

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the District Court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is

5

nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[2] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[3] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence.  See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

---

[2] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).
[3] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his

7

sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

## IV. ANALYSIS

Here, Petitioner challenges only his sentence and seeks relief under § 2241 by way of the savings clause of § 2255(e).[4] ECF No. 1, at 1. Petitioner challenges his classification as a career offender under the pre-Booker,[5] then-mandatory USSG. Id. Petitioner's career offender classification was based on one prior conviction for Maryland robbery with a dangerous weapon and one prior conviction for Maryland second degree assault. Id. Specifically, Petitioner's prior conviction for Maryland second degree assault is the core of his challenge. Id. at 2–3.

Petitioner argues that he is entitled to relief because he can no longer be considered a career offender based on the Supreme Court's holding in Descamps v. United States, 570 U.S. 254 (2013), and the Fourth Circuit's decision in United States v. Royal, 731 F.3d 333, 340–42 (4th Cir. 2013). More precisely, Petitioner contends that Royal (which analyzed Maryland second degree assault under Descamps) held that Maryland second degree assault fails categorically to qualify as a "violent felony" under the Armed Career Criminal Act ("ACCA"). ECF No. 1, at 2. Because the "crime of violence" language in the career offender provision in the USSG is substantively identical

---

[4] The undersigned notes that in this case, Petitioner's application for a § 2241 through the § 2255(e) savings clause appears to be the appropriate procedure for Petitioner to raise this challenge to his sentence. Petitioner has exhausted his direct appeal and has already filed an unsuccessful § 2255. Petitioner would only be authorized to file a successive § 2255 if he can meet the gatekeeping provision of § 2255(h)(2). However, Petitioner is unable to meet the gatekeeping provision of § 2255(h)(2) because his argument does not rely on any newly discovered evidence or a new rule of constitutional law. Although this precludes Petitioner from filing a successive § 2255, it means that Petitioner satisfies the third prong of Wheeler. So, it appears that § 2241/§ 2255(e)/Wheeler is the appropriate vehicle for Petitioner to attempt to challenge the legality of his sentence.
[5] United States v. Booker, 543 U.S. 220 (2005).

8

to the language of "violent felony" in the ACCA, Petitioner argues that his Maryland second degree assault is not a "crime of violence" under the USSG career offender provision and he is, therefore, not a career offender. Id. at 2–3.

Because Petitioner is challenging the legality of his sentence in a § 2241 through the § 2255(e) savings clause, he must demonstrate that all four Wheeler prongs are satisfied. If Petitioner fails to satisfy any one of the four Wheeler prongs, then (1) he has not satisfied the § 2255(e) savings clause, (2) this court lacks subject-matter jurisdiction over his § 2241, and (3) Petitioner's § 2241 must be dismissed without prejudice. See Wheeler, 886 F.3d at 425.

Regardless of whether Petitioner meets the first,[6] third,[7] and fourth[8] prongs of Wheeler, Petitioner fails to meet the second prong. The second prong of Wheeler contains two clauses that each must be met for the prong to be satisfied. The second

---

[6] The parties do not appear to dispute the first prong of Wheeler. At the time of Petitioner's federal conviction, Maryland second degree assault could constitute a crime of violence based on the nature of the defendant's specific, underlying offense of conviction. See, e.g., United States v. Coleman, 158 F.3d 199, 200 (4th Cir. 1998), abrogated by Royal, 731 F.3d 333 (4th Cir. 2013); see also United States v. Aparicio-Soria, 740 F.3d 152, 155–56 (4th Cir. 2014) (collecting cases applying modified categorical approach to Maryland assault convictions); Faison, 20 F. App'x at 142.

[7] Respondent appears to dispute that Petitioner meets the third prong of Wheeler because Petitioner was granted a successive § 2255 in 2016, which Petitioner voluntarily dismissed in January 2019. ECF No. 16, at 15–16. Notably, Petitioner's 2016 successive § 2255 was granted on the basis that Petitioner had made a prima facie showing that Johnson, which announce a new rule of constitutional law that was made retroactive by the Supreme Court in Welch v. United States, 136 S. Ct. 1257 (2016), may apply to his case. On that basis, Petitioner met the gatekeeping provision of § 2255(h)(2). However, Beckles v. United States, 137 S. Ct. 886 (2017), precluded Johnson-style, void-for-vagueness challenges to USSG career offender enhancements. Petitioner's current claim does not rely on any new evidence suggesting he is actually innocent of his federal offense or any new rule of constitutional law. See 28 U.S.C. § 2255(h)(2). Petitioner's current claim is based on Royal, which involved non-constitutional, statutory interpretation. See ECF No. 19, at 7–8. As observed in footnote 4, if a claim fails the gatekeeping provision of § 2255(h)(2), it satisfies the third prong of Wheeler.

[8] The parties do not appear to dispute the fourth prong of Wheeler. Indeed, the Fourth Circuit's decision in Lester v. Flournoy, 909 F.3d 708 (4th Cir. 2018), found that a misclassification as a career offender under the pre-Booker, then-mandatory USSG is a "fundamental defect" for the purposes of the fourth prong of Wheeler. Lester, 909 F.3d at 716. Furthermore, Petitioner's case is "remarkably similar" to the facts at issue in Lester. ECF No. 19, at 1. However, in Lester, the parties did not dispute the retroactivity clause of the second prong of Wheeler. Lester, 909 F.3d at 712.

9

prong requires a showing that (1) the settled substantive law, which established the legality of the defendant's sentence, has changed and (2) that change in the law has been deemed to apply retroactively on collateral review. Although Petitioner convincingly argues that he has met the first clause of the second prong of Wheeler by the holding of Royal,[9] he has failed to demonstrate that this change in the law has been deemed retroactive on collateral review. In both Wheeler and Lester, the Fourth Circuit found that the petitioner had satisfied the retroactivity clause of the second prong. See Lester, 909 F.3d at 712 (finding that a 7th Circuit decision, which held the change in law to be retroactive, was sufficient for satisfying the retroactivity clause of the second prong of Wheeler); Wheeler, 886 F.3d at 429 (finding that Miller v. United States, 735 F.3d 141 (4th Cir. 2013), made United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), retroactive on collateral review). By contrast, in this case, there is no holding that has deemed Royal to apply retroactively on collateral review.

Accordingly, regardless of whether Petitioner meets the first, third, and fourth prongs of Wheeler, he failed to meet the second prong. Therefore, Petitioner has not satisfied the § 2255(e) savings clause, he is not entitled to § 2241 relief through § 2255(e), and this Court is without subject-matter jurisdiction. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

---

[9] See also Aparicio-Sora, 740 F.3d at 155–56.

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss for lack of jurisdiction [ECF No. 15] be **GRANTED**, and Petitioner's emergency application for a writ of habeas corpus pursuant to § 2241 [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for

Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: April 4, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE