IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| JERMAINE FAISON,<br>    Petitioner,<br><br>V.<br><br>CHRISTOPHER GOMEZ, Warden<br>FCI GILMER,<br>    Respondent. | Civil Action No. 3:19-CV-12<br>Crim. No. CCB-00-0296 (D. Md.) |

## MEMORANDUM OPINION AND ORDER

On April 26, 2019, Petitioner, by counsel, Brian J. Kornbrath, Federal Public Defender, filed an unopposed Motion for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, requesting that this Court enter summary judgment in this matter by granting the relief requested by Petitioner in the pending Emergency Application for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (§ 2241 Petition)(ECF No. 1).

On March 8, 2001, the United States District Court for the District of Maryland, in Criminal Case No. CCB-00-0296 (D. Md.), sentenced Petitioner Jermaine Faison to the term of 188 months imprisonment based on his conviction for the felony offense of Bank Robbery (Count 1). The District Court did so upon finding that Petitioner was a career offender under the then-mandatory United States Sentencing Guidelines. The District Court's application of the career offender enhancement subjected Petitioner to a mandatory guidelines range of 188 to 235 months imprisonment (corresponding to an offense level 31 and a criminal history category VI) for Count 1. Petitioner was also sentenced to the term of 84 months imprisonment based on his conviction

1

for Use of a Firearm (Count 3), to be run consecutively to his sentence for Count 1. Petitioner's guideline range for Count 3 was a consecutive 84 months.

Petitioner was sentenced to a period of 5 years supervised release for Count 1 and a period of 3 years supervised release for Count 3. The periods of supervised release were ordered to be run concurrent upon Petitioner's release from imprisonment. Finally, Petitioner was ordered to pay mandatory restitution and a special assessment fee for both counts. The District Court did not order Petitioner to pay a fine.

The District Court classified Petitioner as a career offender based on a finding that Petitioner had two prior convictions that qualified as "crimes of violence" under U.S.S.G. § 4B1.2 (2001). On January 30, 2019, pursuant to *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), Petitioner filed the pending § 2241 Petition seeking to vacate his mandatory career offender sentence by arguing that his prior conviction for Maryland Second Degree Assault should not be considered a "crime of violence" for career offender enhancement purposes. Petitioner argued that, in *United States v. Royal*, 731 F.3d 333 (2013), the Fourth Circuit held that under the elements-driven categorical approach of *Descamps v. United States*, 570 U.S. 245 (2013), Maryland Second Degree Assault does not qualify as a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B). Petitioner further noted that the elements-driven categorical approach has been applied equally to the career offender guideline provision containing the definition of "crime of violence" applied to Petitioner's sentence. Without the career offender enhancement, Petitioner's guideline range would have been 78 months to 97 months imprisonment for Count 1 (corresponding to an offense level 26 and a criminal history category III) and 84 months imprisonment for Count 3.

2

On April 26, 2019, an unopposed Motion for Summary Judgment was filed by Petitioner requesting that Petitioner's § 2241 Petition be granted. As set forth in the Motion for Summary Judgment, Respondent did not oppose the motion based on the specific facts and legal circumstances surrounding Petitioner's pre-*Booker* sentence. Further, the Motion for Summary Judgment noted that Respondent's decision to not oppose the relief requested by Petitioner should not be construed as a waiver to any valid defenses that may be asserted in any other case. Based on the specific facts of this particular case, the parties now agree that Petitioner should no longer be deemed a career offender and the Court should impose a sentence of time served.

For good cause shown, Petitioner's unopposed Motion for Summary Judgment is **GRANTED** and Petitioner's sentence shall be modified to a sentence of **TIME SERVED**. All other aspects of the judgment order in *United States v. Jermaine Faison*, CCB-00-0296 (D. Md.) shall remain in full force and effect, including, but not limited to, Petitioner's original conditions of supervised release and restitution obligations.

For the reasons stated above, the Court hereby **ORDERS** as follows:

1. Petitioner Jermaine Faison's Motion for Summary Judgment is **GRANTED**;

2. Petitioner Jermaine Faison's sentence is **MODIFIED** to a sentence of **TIME SERVED**, to be followed by the original conditions of supervised release and restitution reflected in Petitioner's initial judgment. Further, any additional aspects of the judgment in *United States v. Jermaine Faison*, CCB-00-0296 (D. Md.) shall remain in full force and effect;

3. Petitioner's Jermaine Faison's release from imprisonment to supervised release shall be **DELAYED TEN (10) DAYS** from the entry of this Memorandum Opinion and

3

Order. Petitioner's release from imprisonment to supervised release is being **DELAYED** in order to notify victims and witnesses of the release of Petitioner as required by 18 U.S.C. § 3771; to notify law enforcement officials of the release of a violent offender pursuant to 18 U.S.C. §§ 4042(b) and (c); to permit adequate time to collect DNA samples pursuant to 34 U.S.C. § 40702; and for any other lawful pre-release actions required prior to the release of Petitioner; and

4. Petitioner's supervision is **TRANSFERRED** to the Probation Office for the United States District Court for the District of Maryland.

The Clerk is directed to transmit a copy of this Order to Petitioner Jermaine Faison, to Petitioner's counsel, to counsel for the Respondent, to the United States Attorney's Office for the District of Maryland, to the United States Probation Office, to the United States Marshals Service, and to the Federal Bureau of Prisons.

DATED: May 8, 2019

GINA M. GROH
Chief United States District Judge

AGREED TO BY:

/s/ *Brian J. Kornbrath*
Brian J. Kornbrath
W. Va. Bar #7330
Federal Public Defender
FEDERAL PUBLIC DEFENDER OFFICE
230 West Pike Street; Suite 360
Clarksburg, WV 26301
Phone: (304) 622-3823
Brian_Kornbrath@fd.org

COUNSEL FOR PETITIONER

/s/ *Christopher J. Prezioso*
Christopher J. Prezioso
W. Va. Bar #9384
Assistant United States Attorney
UNITED STATES ATTORNEY'S OFFICE
P.O. Box 591
1125 Chapline Street, Suite 3000
Wheeling, WV 26003
Phone: (304) 234-0100
Christopher.J.Prezioso@usdoj.gov
COUNSEL FOR RESPONDENT